# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BOBBY RYAN,

        Plaintiff,

v.                                                               Case No. 17-C-1156

ARMOR HEALTH,
MILWAUKEE COUNTY,
SHERIFF DAVID CLARKE,
OFFICER JOHN DOE, and
JANE DOE,

        Defendants.

## AMENDED COMPLAINT SCREENING ORDER

Plaintiff Bobby Ryan, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983. The case was assigned to U.S. Magistrate Judge David E. Jones. On January 12, 2018, after finding that Mr. Ryan had not stated a claim against the named defendants, Judge Jones gave him the opportunity to file an amended complaint. ECF No. 10. Due to his simultaneous filing of two amended complaints, Judge Jones gave Mr. Ryan a second opportunity to file an amended complaint. ECF No. 13. Mr. Ryan filed his amended complaint on April 12, 2018. ECF No. 14.

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court judge for the limited purpose of screening the complaint. The case will be returned to Judge Jones for further proceedings after entry of this order.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by the defendant acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ALLEGATIONS IN THE COMPLAINT

Mr. Ryan alleges that in January 2016 he was incarcerated at the Milwaukee House of Corrections. While there, he received treatment for "post-traumatic stress disorder, 'dissacioative'

disorder, depression, seizures, degenerative disorder, and 'coranary' artery 'desiese.'" ECF No. 14 at 2. His treatment allegedly involved "the maximum doses" of prescription medications. *Id.* Mr. Ryan explains that it is the policy of Milwaukee County and Armor Health to release inmates with "[three] days medical medications and [five] days psychotropic medication." *Id.* at 2-3. He states upon his release on November 15, 2016, he was not given any medications. He requested his release medication from Officer John Doe, but the officer told Mr. Ryan that he did not have any medications for him. Mr. Ryan requested that the officer call health services for his medications. The officer called and spoke with Nurse Jane Doe who also stated that "she had no meds for [Mr. Ryan]." *Id.* Mr. Ryan asserts that he then explained to Officer John Doe and Nurse Jane Doe "the policy and risks of not having [his medications]." *Id.* He also explained to them that the policy was insufficient because "three to five days of meds was not enough to insure [his] safety as it takes more time to see a doctor in Milwaukee." *Id.* Mr. Ryan states that Nurse Jane Doe said "that's the way it is and she had no meds for [him]." *Id.*

Mr. Ryan asserts that as a result of not being provided with his medication he suffered an "aphasia attack," was hospitalized, and lost his job and home. *Id.*

Mr. Ryan seeks punitive and compensatory damages and for Milwaukee County and Armor Health's release medication policy to be changed.

### The Court's Analysis

Mr. Ryan asserts that all of the defendants violated his Eighth Amendment rights to adequate medical care. For the following reasons, the court finds that he has only sufficiently asserted such a claim against Nurse Jane Doe.

With regard to Milwaukee County, "a municipality may be liable for harm to persons incarcerated under its authority 'if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.'" *Estate of Novack ex rel. Turbin v. Cty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000) (citations omitted). Armor Health is subject to the same liability constraints for any policies it has implemented at a prison as well. *See Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 378 (7th Cir.), *cert. denied sub nom. Corr. Med. Servs., Inc. v. Glisson*, 138 S. Ct. 109, 199 L. Ed. 2d 30 (2017). However, for liability to be triggered, the policy at issue "must be the 'direct cause' or 'moving force' behind the [alleged] constitutional violation." *Id.* Mr. Ryan asserts that Milwaukee County and Armor Health have a "shared" policy to provide release medication to inmates that are being released; however, he does not allege that it was this policy that caused his harm. In fact, he specifically states that it was Officer John Doe and Nurse Jane Doe's failure to implement the policy that caused his harm. He, therefore, may not proceed on a claim against Milwaukee County and Armor Health.

Additionally, Mr. Ryan may not proceed with a claim against Sheriff David Clarke. Section 1983 requires personal involvement in the violation of a plaintiff's rights for there to be liability. *See Morfin v. City of East Chi.*, 349 F.3d 989, 1001 (7th Cir. 2003). There is not supervisory liability, collective liability or vicarious liability under section 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Although he names Clarke in the caption of his complaint, Mr. Ryan does not assert what Clarke did, or failed to do in violation of his rights. Thus, he has not alleged that Clarke was personally involved in his suffered injury.

Further, Mr. Ryan has not sufficiently alleged a claim against Officer John Doe. Prison officials are "not responsible for administering medical care to [prisoners]; rather, they [are] 'entitled

4

to defer to the judgment of jail health professionals so long as [they do] not ignore [the prisoner].'" *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (citing *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)). Mr. Ryan asserts that he asked Officer John Doe for his release medication to which Officer John Doe responded that he did not have any release medication for him. Officer John Doe then complied with Mr. Ryan's request to contact health services regarding the release medication, and Nurse Jane Doe informed Officer John Doe and Mr. Ryan that there was no release medication for Mr. Ryan. Officer John Doe was entitled to rely on Nurse Jane Doe's judgment. Thus, the court will dismiss Officer John Doe as a defendant.

That leaves Nurse Jane Doe. To state a cause of action for the deficient medical care that is proscribed under the Eighth Amendment, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). The official must "know[] of and disregard[] an excessive risk to inmate health or safety" or be "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Mr. Ryan alleges that he informed Nurse Jane Doe not only of the policy requiring his release medication, but also of the risks associated with his not having the medication upon release. Nurse Jane Doe allegedly disregarded this information and did not provide Mr. Ryan with any release medication. She simply told Mr. Ryan "that's the way it is."

It is not clear that even if these allegations are true, they would be sufficient to state a claim against Nurse Doe. This is because the obligation of a custodian to provide necessary medical care arises by reason of the fact that the inmate is in custody and unable to obtain it from jail on his own.

5

*Estelle v. Gamble*, 429 U.S. 97, 103–04 (1989); *see also Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989). Once the plaintiff is no longer in custody, what constitutional right is violated by failing to give him release meds?

At least one circuit has held that a state custodian may be found to have acted unconstitutionally in failing to provide and inmate transitional medication upon release. In *Wakefield v. Thompson*, the Ninth Circuit found that a prisoner's ability to secure medication "on his own behalf" was "not necessarily restored the instant he walks through the prison gates and into the civilian world." 177 F.3d 1160 (9th Cir. 1999). The court thus held: "A state's failure to provide medication sufficient to cover this transitional period amounts to an abdication of its responsibility to provide medical care to those, who by reason of incarceration, are unable to provide for their own medical needs." *Id.* at 1164. Other courts have disagreed. *See, e.g., Kennedy v. Correct Care Sols.*, No. 05:17CV00168 DPM/PSH, 2017 U.S. Dist. LEXIS 111357, at *4–5 (E.D. Ark. June 26, 2017) (finding no binding precedent establishing a constitutional right to post-release medical care). Given the uncertainty of the law on what may be an issue of first impression in this circuit, I conclude that case should proceed so that counsel can appear on behalf of the defendant and join issue.

Because Mr. Ryan does not know the name of the Nurse Jane Doe he is suing, the court will allow him to sue the Milwaukee County Sheriff, as a defendant for the limited purpose of helping Mr. Ryan identify the real name of the Nurse Jane Doe. *See Donald v. Cook Cty. Sheriff's Dep't.*, 95 F.3d 548, 556 (7th Cir. 1996). Because David Clarke is no longer the sheriff of Milwaukee County, the court will name his successor, Acting Sheriff Richard Schmidt, or his successor, as the defendant to be served. The court will order the Marshals to serve Sheriff Richard Schmidt, or his successor, with Mr. Ryan's amended complaint and a copy of this order. The Sheriff does not have

6

to respond to Mr. Ryan's amended complaint. After Sheriff Schmidt's attorney files an appearance in this case, Mr. Ryan may serve discovery upon Sheriff Schmidt (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the real name of the Doe defendant.

For example, Mr. Ryan may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Mr. Ryan has not stated a claim against the Sheriff, his discovery requests must be limited to information or documents that will help him learn the real name of the staff member he is suing. Mr. Ryan many not ask the Sheriff about any other topic, and the Sheriff is under no obligation to respond to requests about any other topic.

After Mr. Ryan identifies the real name of the Doe defendant, he must file a motion to substitute the real name for the Doe placeholder. The court will dismiss Sheriff Schmidt as a defendant once Mr. Ryan identifies the real name of the Doe defendant. Once Mr. Ryan identifies the Doe defendant and she has had an opportunity to respond to Mr. Ryan's amended complaint, the court will set a deadline for discovery. At that point, Mr. Ryan may use discovery to get the information that he believes he needs to prove his claims.

Mr. Ryan must identify the real name of the Doe defendant by **July 17, 2018**, or file a letter explaining why he is unable to identify them. If Mr. Ryan does not do either of these things, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**THEREFORE, IT IS ORDERED** that Milwaukee County, Armor Health, and Officer John Doe are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Mr. Ryan's complaint and this order are being electronically sent today to Milwaukee County for service on defendant Sheriff Richard Schmidt or his successor.

**IT IS ALSO ORDERED** that defendant Sheriff Richard Schmidt or his successor need not respond to Mr. Ryan's complaint; however, he must respond to Mr. Ryan's discovery requests regarding the identity of the Jane Doe defendant.

**IT IS ALSO ORDERED** that Mr. Ryan identify the real name of the Jane Doe defendant or file a letter explaining why he is unable to do so by July 17, 2018.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Mr. Ryan is confined and the Milwaukee County Corporation Counsel.

**IT IS FURTHER ORDERED** that this case be **RETURNED** to United States Magistrate Judge David E. Jones for further proceedings.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Mr. Ryan shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, Mr. Ryan need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Mr. Ryan should also retain a personal copy of each document filed with the court.

Mr. Ryan is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Signed in Green Bay, Wisconsin, this __21__ day of May, 2018.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court